## SHAW v. SHAW.

In an action on a promissory note against the maker, defended by subsequent attaching creditors, the note, when its execution is proved or admitted, is *prima facie* evidence of the maker's indebtedness.

ASSUMPSIT, on notes made by the defendant, and payable to the plaintiff or order. The defendant was defaulted, and the action was defended by subsequent attaching creditors on the ground that the notes were fraudulent. The plaintiff having produced his

notes, and introduced evidence tending to show that they were signed by the defendant, rested his case. He offered no evidence aside from the notes themselves showing their consideration. The subsequent attaching creditors moved for a nonsuit, on the ground that there was no competent evidence on which the jury could find a verdict for the plaintiff. The motion was denied, and they excepted. The subsequent attaching creditors offering no evidence, a verdict was directed for the plaintiff for the amount due on the notes.

*Barnard & Barnard,* for subsequent attaching creditors.

*Gould* and *Mugridge,* for the plaintiff.

CLARK, J. Subsequent attaching creditors are admitted to appear and defend suits brought by prior attaching creditors, as a matter of favor and not as a matter of right. *Reynolds* v. *Damrell,* 19 N. H. 394, 397. When admitted, they do not thereby become parties to the record, but the defence is made in the name of the defendant of record, and not in the name of the subsequent attaching creditor thus allowed to appear; and a bond is required as security for costs in such cases, for the reason that the party thus appearing does not thereby become a party to the suit, so that a judgment can be rendered against him. *Holland* v. *Seaver,* 21 N. H. 386; *Pike* v. *Pike,* 24 N. H. 384; *Winship* v. *Conner,* 43 N. H. 167. He is neither a party of record, nor a party in interest. In *Carlton* v. *Patterson,* 29 N. H. 580, 586, it is said that the admission of a party to defend an action has no effect upon the rules or principles which govern the case. "It still remains the action of the original plaintiff against the original defendant, and the case still proceeds, and is tried upon the same rules and principles as it would if no third person had interfered. It could hardly be permitted to allow a third person to defend a suit if the whole ground of the action would be changed, and the trial would proceed upon evidence which would be incompetent between the original parties. The judgment, when rendered in such a case, is rendered between those original parties, and they and their interests are conclusively bound, however it may be as to others." And in *Mathewson* v. *Powder Works,* 44 N. H. 289, 293, it is said,— "The action, after another is admitted to defend it, still remains the action between the original parties. It is to be tried on the same evidence and to be determined on the same principles that it would be if the defence were made by the original party. The party admitted to defend being present, and having an opportunity to examine the witnesses and to be fully heard, is of course barred and concluded by the verdict or decision as to all matters which it was open to him to contest, but no farther." The doctrine of these cases is decisive of the question presented. When the plaintiff had produced and proved the execution of his notes,

the notes themselves were *prima facie* evidence of a consideration as against the defendant; and, in the absence of all other evidence, the plaintiff was entitled to a verdict against the defendant for the amount due upon them. The weight and effect of the evidence were not changed by the fact that subsequent attaching creditors were defending in the name of the defendant.

The cases of *Kimball* v. *Fenner*, 12 N. H. 248, *Belknap* v. *Wendell*, 21 N. H. 175, *Ferguson* v. *Clifford*, 37 N. H. 86, and *Prescott* v. *Hayes*, 43 N. H. 593, are cited to show that the acknowledgment of the receipt of a consideration in a deed is not evidence against existing creditors that a consideration was paid, and that a deed is presumed to be fraudulent as to existing creditors of the grantor until some evidence is offered to show a consideration; and the contention of the subsequent attaching creditors in this case is based upon an intimation found in the opinion of the court in *Parker* v. *Perkins*, 53 N. H. 607, 609, that the same principle of construction might be applied to notes. If the action was directly between the plaintiff and the subsequent attaching creditors, as in the cases above cited, the rule might undoubtedly apply, and the notes might not have been even *prima facie* evidence of a debt, without proof of a consideration, because the notes would not be evidence against a creditor who was not a party to them. *Sanford Manf. Co.* v. *Wiggin*, 14 N. H. 441. In such a case, although a judgment would be *prima facie* evidence of a debt *( Vogt* v. *Ticknor*, 48 N. H. 242), it might be impeached for fraud. *Pomeroy* v. *Bailey*, 43 N. H. 118.

The distinction between the cases cited, showing that a consideration must be proved as against creditors, and the present case is this: In the former cases the suit is between a party claiming title under a debtor, and the creditors of the debtor; and the issue is, to determine which has the better title. In the present case the suit is between a creditor and his debtor; and the issue is, whether the plaintiff has a valid claim against the debtor. *Dorr* v. *Leach*, 58 N. H. 18. In the former case, the admission of a consideration by the debtor is not evidence against other creditors. In the latter case, the admission of a consideration by the debtor is evidence against the debtor himself; and being evidence against him, it is evidence in that action against subsequent attaching creditors, who can defend only in his name, and who stand upon no other or better ground than the defendant of record.

When the plaintiff had produced and proved the execution of his notes, there being no other evidence in the case, he was entitled to a verdict; and there being no evidence upon which the jury could find a verdict for the defendant, a verdict was rightly ordered for the plaintiff.

*Exceptions overruled.*

STANLEY, J., did not sit: the others concurred.